## IN THE MATTER OF SNEED.
(SUPREME COURT DISCIPLINARY NOS. 259, 286, 295, 320, 321)

PER CURIAM.

The State Bar of Georgia initiated a proceeding seeking the disbarment of Harry A. Sneed. Thereafter, the parties joined in a stipulation of fact relative to five separate occurrences, the substances of which are as follows:

(a) Sneed received attorney fees in excess of that authorized by law arising out of representation of a client before the State Board of Workers' Compensation, and failed to return the excess sum upon request.

(b) Sneed undertook an appeal to the Court of Appeals of Georgia, and was unsuccessful. His application to this Court for writ of certiorari was denied. For a period of 21 months thereafter, he continued to assure his client that this Court had failed to act upon the application.

(c) Sneed was retained to file a damage suit on behalf of another client, and continued to assure her that the suit had been filed when in fact no such action had been filed. After a period of time, the claim became barred by the statute of limitations.

(d) Sneed received a fee on behalf of another client for stated services. The client determined 60 days later that the services had not been performed. The client sought return of her money, which Sneed agreed to do, but failed to do.

(e) Sneed accepted a sum of money from another client to file a lawsuit in August of 1982, and continued to assure him that a suit had been filed and was progressing toward hearing as late as February of 1983. Thereafter, the client discovered that no suit had been filed. On demand, Sneed refunded the money paid to him and returned certain papers, but had lost other documents belonging to the client.

The State Disciplinary Board recommends disbarment. We

agree. Harry A. Sneed is disbarred.
*All the Justices concur.*

DECIDED APRIL 4, 1984.

*Omer W. Franklin, General Counsel State Bar, George E. Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.